*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
(602) 274-1100
Ty D. Frankel (AZ Bar No. 027179)
tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900
San Diego, California 92101
(619) 756-7748
Patricia N. Syverson (AZ Bar No. 020191)
psyverson@bffb.com*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Joseph P. Stone, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Certified Folder Display Service, Inc., a California corporation,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Joseph P. Stone ("Plaintiff"), individually and on behalf of all others similarly situated, for his Complaint against Certified Folder Display Service, Inc. ("Display Service") alleges as follows:

### I. NATURE OF THE CASE

1. Plaintiff brings this action on behalf of himself and all those similarly situated against Display Service for its unlawful failure to pay overtime wages in violation of the

- 1 -

Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 ("FLSA").  Plaintiff also brings this action in his individual capacity for Display Service's unlawful failure to pay wages due, in violation of the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355.

2. For at least three (3) years prior to the filing of this action (the "Liability Period"), Display Service had and continues to have a consistent policy and practice of suffering or permitting employees to work in excess of forty (40) hours per week, without paying them proper overtime compensation as required by federal law.  Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of himself and all similarly situated current and former employees who worked for Display Service as route drivers (the "Class").  Plaintiff and all similarly situated current and former employees who may opt-in pursuant to 29 U.S.C. § 216(b) seek liquidated damages.

3. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated.  For collective action purposes, the proposed Class consists of:

> All current and former Certified Folder Display Service, Inc. employees who worked as route drivers during the Liability Period (the "Drivers").

4. Plaintiff intends to request the Court to authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6.  Plaintiff's state law claims are sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of Arizona within this District. Plaintiff was employed by Display Service in this District.

### III. PARTIES

8.  At all times relevant to the matters alleged herein, Plaintiff Joseph P. Stone resided in the State of Arizona in Maricopa County.

9.  Plaintiff was a full-time, non-exempt employee of Display Service from in or around March 2015 until October 31, 2016.

10. During Plaintiff's employment with Display Service, he was paid a salary of $1,000 per pay period until in or around July 2016, at which time his salary per pay period increased to $1,050. At all times during his employment, there are two pay periods per month.

11. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Representative Plaintiff, Joseph P. Stone, opting him into this lawsuit.

12. Defendant Display Service is a corporation formed in California with its headquarters in California as well. Display Service is authorized to do business in Arizona, and does business in California, Oregon, Washington, Idaho, Montana, Nevada, Arizona, New Mexico, Colorado, Utah, Arkansas, Wyoming, Texas, Oklahoma, Kansas, Nebraska Louisiana, and South Dakota.

13. Display Service is North America's largest professional travel brochure distribution and display service.

14. Display Service hires numerous employees like Plaintiff to deliver brochures and service displays at locations throughout the many states where Display Service operates.

15. Plaintiff and the Class were employees as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1). Plaintiff is also an employee under A.R.S. § 23-350.

16. At all relevant times, Display Service was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350.

17. At all relevant times, Display Service has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## IV. FACTUAL BACKGROUND

18. Display Service is North America's largest travel brochure distribution and display service.

19. With thousands of visitor information display racks throughout the United States, Display Service supplies the traveling public with helpful information on activities to do locally and regionally by stocking display racks.

20. Plaintiff was employed by Display Service as a Driver from in or around March 2015 until October 31, 2016.

21. As a non-exempt Driver, Plaintiff delivered brochures to Display Service racks and made sure the displays were stocked.

22. Plaintiff's duties consisted of driving the brochures to display racks and making sure the displays were stocked and in tact.

23. Plaintiff received a salary per pay period twice per month, but he never received time and a half his regular rate of pay for hours worked over forty (40) in a workweek.

24. Plaintiff worked between forty-five (45) and fifty-five (55) hours per week during his typical workweek.

- 4 -

25. In fact, there were days when Plaintiff would have to begin his day at 3:30 a.m. and finish his day at 8 p.m. (more than 16 hours later) to complete all the deliveries he was required to do as part of his job duties as a Driver.

26. Despite working overtime, Plaintiff was not paid proper overtime wages at a rate of one and one half times his regular rate of pay for all hours worked over forty (40) in a workweek.

27. Display Service also failed to timely pay Plaintiff all the wages which he is due in violation of the Arizona Wage Statute.

28. Plaintiff's duties, hours and compensation are indicative of the similarly situated Class.

29. Display Service's improper policies and compensation practices applied to Plaintiff and the similarly situated Class he will represent.

30. The Class is uniformly subject to the same unlawful compensation practices that Plaintiff was subject to during his employment at Display Service.

31. Display Service has willfully violated and continues to willfully violate federal and Arizona wage and hour statutes and regulations with the intent to deprive Plaintiff and the Class wages.

32. For example, Plaintiff's manager conducted a ride-along with Plaintiff during his employment and commented on the numerous hours it took to perform his duties as a Driver. Plaintiff also complained to management about the number of overtime hours he was required to work and management did not take any steps to pay him properly or investigate his complaints about the amount of time he had to work.

### V.  COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings his claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of himself and others similarly situated, properly defined as:

        All current and former Certified Folder Display Service, Inc. employees who worked as route drivers during the Liability Period.

34. Display Service's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

35. Display Service's overtime wage practices were routine and consistent. Throughout the Liability Period, the Class regularly was not paid the proper overtime wage despite working in excess of forty (40) hours per week.

36. The Class performed the same or similar job duties as Plaintiff. Moreover, the Class regularly worked more than forty (40) hours in a workweek. Accordingly, the employees victimized by Display Service's unlawful practices are similarly situated to Plaintiff in terms of employment and pay provisions.

37. Display Service's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of others employed by Display Service.

38. The specific job titles or precise job requirements of the various members of the collective action do not prevent collective treatment. The Class, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

### VI.  COUNT ONE

**(Failure to Properly Pay Overtime Wages to Class – FLSA, 29 U.S.C. § 207)**

39. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

40. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

41. Display Service is an employer pursuant to 29 U.S.C. § 203(d).

42. Display Service failed to comply with 29 U.S.C. § 207 because Plaintiff worked for Display Service in excess of forty (40) hours per week, but Display Service failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

43. Display Service's failure to pay overtime to Plaintiff was willful. Display Service knew Plaintiff was working overtime but failed to properly pay overtime wages. Display Service had no reason to believe its failure to pay overtime was not a violation of the FLSA.

44. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

### VII.  COUNT TWO

**(Failure to Pay Timely Wages Due to Plaintiff - Arizona Wage Statute, A.R.S. § 23-350 *et seq*.)**

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46. Plaintiff was employed by Display Service as defined by A.R.S. § 23-350(2).

47. Plaintiff performed services as a Driver for Display Service at its direction in exchange for compensation.

48. Display Service improperly withheld Plaintiff's wages when he was employed.

49. Display Service was aware of its obligation to pay timely wages pursuant to A.R.S. §§ 23-350 – 23-355.

50. Display Service was aware that it was obligated to pay all wages due to Plaintiff.

51.     Display Service failed to timely pay Plaintiff his wages due without a good faith basis for withholding wages.

52.     Display Service willfully failed and refused to timely pay wages due to Plaintiff.  As a result of Display Service's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## VIII.  REQUESTED RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays:

A.     For the Court to order Display Service to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all current and former Drivers for the past three years;

B.     For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Drivers for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C.     For the Court to declare and find that Display Service committed one or more of the following acts:

i.     violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt into this action;

ii.     willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

iii.     willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff, pursuant to A.R.S. §§ 23-350 *et seq.*;

D.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E. For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award restitution;

H. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. §§ 12-341 and 12-341.01;

I. For the Court to award pre- and post-judgment interest;

J. For the Court to award resulting consequential damages, in an amount to be proven at trial; and

K. For such other relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

53. Plaintiff, on behalf of himself and all others similarly-situated, hereby demands trial of his claims by jury to the extent authorized by law.

DATED: November 15, 2017.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100
Facsimile: 602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff