1  *Law Offices of*
   **BONNETT, FAIRBOURN,**
2  **FRIEDMAN & BALINT, P.C.**
   *2325 E. Camelback Road, Suite 300*
3  *Phoenix, Arizona 85016*
   *(602) 274-1100*
4  *Ty D. Frankel (AZ Bar No. 027179)*
5  *tfrankel@bffb.com*

6  *Law Offices of*
   **BONNETT, FAIRBOURN,**
7  **FRIEDMAN & BALINT, P.C.**
8  *600 W. Broadway, Suite 900*
   *San Diego, California 92101*
9  *(619) 756-7748*
10 *Patricia N. Syverson (AZ Bar No. 020191)*
   *psyverson@bffb.com*
11

12
### IN THE UNITED STATES DISTRICT COURT
13
### DISTRICT OF ARIZONA
14

| | |
|---|---|
| Joseph P. Stone, on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Certified Folder Display Service, Inc., a California corporation,<br><br>Defendant. | Case No. CV-17-04205-PHX-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CERTIFIED FOLDER DISPLAY SERVICE, INC.'S PETITION TO COMPEL ARBITRATION AND CONCURRENT REQUEST TO DISMISS OR STAY LITIGATION** |

Plaintiff Joseph P. Stone ("Plaintiff") submits this Opposition to Defendant Certified Folder Display Service, Inc.'s ("Certified Folder") Petition to Compel Arbitration and Concurrent Request to Dismiss or Stay Litigation (Doc. 22)(the "Petition"). This Opposition is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION.**

For months, Plaintiff has repeatedly contacted Certified Folder's counsel regarding stipulating to arbitration to avoid unnecessary briefing on this issue. In fact, Plaintiff's effort began at the scheduling conference before this Court on February 27, 2018. At that conference, Plaintiff stated that if Certified Folder decided to seek to arbitrate this matter, Plaintiff asked to confer regarding that request in hopes of avoiding expending unnecessary resources on a request Plaintiff was likely to agree to. Transcript of Proceedings, Scheduling Conference, Exhibit 1 at p. 14. Plaintiff then followed up by emailing counsel for Certified Folder on March 6, 2018, asking for a courtesy copy of any draft petition for arbitration so that he could consider stipulating to the petition. March 6, 2018 Email from at Exhibit 2. Certified Folder never responded to this email, and instead filed the Petition to compel arbitration on May 8, 2018 without any interaction with Plaintiff on the topic whatsoever. Doc. 22. This was particularly concerning because conferring with Plaintiff could have alleviated needlessly expending this Court's and the parties' resources.

After reviewing Certified Folder's Petition, Plaintiff renewed his efforts to engage with Certified Folder about whether the parties could just stipulate that the case be moved to arbitration. On May 30, 2018, Plaintiff sent counsel for Certified Folder a stipulation that would move the case to arbitration obviating the need for this briefing. *See* May 30, 2018 Email attaching a draft stipulation and proposed order, Exhibit 3. Plaintiff continued sending Certified Folder follow-up correspondence on June 1, 2018 and June 4, 2018 for an answer on this issue. June 4, 2018 Email at Exhibit 4. Plaintiff articulated that he would stipulate to arbitration and if required to file a response to the Petition in spite of that agreement, Plaintiff would seek attorneys' fees associated with having to do so. *Id.* Finally,

- 1 -

on June 4, 2018, counsel for Certified Folder responded that she was awaiting feedback from her client.  June 4, 2018 Email at Exhibit 5.  Having not received that final confirmation from the Company, the parties then submitted a stipulation extending the deadline for Plaintiff to submit this Opposition on June 4, 2018, given that counsel for Certified Folder indicated the Company was expected to agree to arbitrate this matter on a class and collective action basis but was still awaiting final client approval to that end.  Doc. 29 at p. 2.  Since that time, Plaintiff's counsel has sent repeated requests to Certified Folder asking if the simple stipulation to arbitrate this matter was approved by the Company, which have gone ignored.  June 13, 2018 Email at Exhibit 6.  It was not until 3:56 pm the afternoon before Plaintiff's Opposition was due that Certified Folder's counsel finally informed Plaintiff's counsel that the Company was not willing to stipulate to arbitration on a class/collective basis.  June 18, 2018 Email at Exhibit 7.

In light of that procedural history, the parties are in agreement that arbitration is appropriate here.  The only remaining issue is whether Plaintiff's claims can be arbitrated on a collective or classwide basis.  That would be appropriate given that the arbitration agreement makes no express prohibition against arbitrating collectively that would warrant a conclusion that arbitration would be only on an individual basis.  Regardless, even if the issue of the scope of the arbitration remains an outstanding question, Certified Folder should have responded in a timely manner so that the parties could have reached an agreement, as the law requires, that the issue of whether the arbitration would be on a class or collective basis would be decided by the Arbitrator.

**II.     ARBITRATION IS PROPER ON A CLASSWIDE AND COLLECTIVE BASIS.**

In the absence of a class action waiver, it is consistently held that broad language subjecting "any dispute or claim" to arbitration encompasses FLSA collective actions or other class action claims, meaning that the actions should be arbitrated on a collective or class basis. That is precisely the case here.  It is undisputed that Plaintiff's arbitration

1 agreement does not expressly waive class actions. The arbitration agreement reads in
2 relevant part:

> [E]mployee and Certified agree to submit to final and binding arbitration any dispute arising from or related to employee's employment with Certified. . . . Employee and Certified agree that such arbitration shall be the exclusive forum for resolving all disputes arising out of or involving the employee's employment with Certified[.]

8 Doc. 22-5 at p. 3-4. This type of broad language subjecting "any dispute or claim" to
9 arbitration encompasses FLSA collective and class action claims. *See, e.g., Passow v. Smith
10 & Wollensky Restaurant Group, Inc.*, AAA 11 160 00357 08 (Sept. 1, 2010), *aff'd, Smith
11 & Wollensky Restaurant Group, Inc. v. Passow*, 2011 WL 148302, at *1 (D. Mass. Jan. 18,
12 2011)(finding that parties' arbitration agreement allowed for class-wide procedures); *Sutter
13 v. Oxford Health Plans, Inc.*, AAA 18 193 20593 02 (July 6, 2010), *aff'd, Sutter v. Oxford
14 Health Plans, Inc.*, 2011 WL 734933 (D. N.J. Feb. 22, 2010)(same). The Supreme Court
15 even upheld an arbitrator's ruling that an arbitration agreement allowed for class-wide
16 arbitration, where the arbitrator relied on the party's contractual language rather than
17 "impos[ing] its own conception of sound policy." *Oxford Health Plans LLC v. Sutter*, 569
18 U.S. 564, 571 (2013)(holding that text itself suggested class actions could be maintained).

19 The language in Plaintiff's arbitration agreement states that "all disputes" arising
20 from employment must be arbitrated. Under that plain meaning, the express language of
21 the arbitration agreement that "all disputes" would be arbitrated would include class and
22 collective actions and there is no express statement to the contrary. *See Yahoo!, Inc. v.
23 Iversen,* 836 F.Supp.2d 1007, 1013 (N.D. Cal. 2011)(finding that nothing prevents an
24 "arbitrator or the subsequent reviewing court from finding that the parties consented to
25 submit class claims to arbitration even in the absence of any explicit discussion of class
26 arbitration within the four corners of the agreement itself"). It is unsurprising that Certified
27 Folder initially indicated that it would likely agree to class and collective arbitration, given

28

1  the likelihood that it would be required to do so anyway. Exhibit 7. What is surprising is
2  the Company's last-minute decision not to so stipulate and continue to pursue its Petition.

3  **III.  THE ARBITRATOR DECIDES WHETHER TO PROCEED ON A CLASS**
4  **OR COLLECTIVE BASIS.**

5      Even if there is a question regarding whether the arbitration agreement precludes an
6  action on a class or collective action basis, that decision must be decided by an arbitrator,
7  not this Court. As discussed, *supra*, the arbitration agreement provides that "any dispute"
8  arising from Plaintiff's employment must be decided by an arbitrator. That would include
9  disputes regarding interpretation of whether Plaintiff can bring a claim arising from his
10 employment on a class or collective action basis. *See Green Tree Fin. Corp. v. Bazzle*, 539
11 U.S. 444, 453 (2003)(holding that the question of whether a collective arbitration was
12 appropriate should be reserved for the arbitrator). The Ninth Circuit also provides that "the
13 question of whether an arbitration agreement forbids or allows class arbitration is for the
14 arbitrator to decide." *Johnson v. Gruma Corp.*, 123 Fed.Appx. 786, 788 (9th Cir. 2005).
15 Indeed, ever since the *Stolt-Nielson* decision cited extensively by Certified Folder, courts
16 have held that the availability of class or collective arbitration is for the arbitrator to decide.
17 *See, e.g., Certain Underwriters v. Cravens Dargan & Co.*, 197 Fed. Appx. 645, 647 (9th
18 Cir. 2006)(holding that procedural issues are left to the arbitrator); *Zhu v. Hakkasan NYC*
19 *LLC*, 291 F.Supp.3d 378, 393-95(S.D. N.Y. 2017)(holding that question of whether case
20 must proceed individually at arbitration is to be resolved by the arbitrator in the first
21 instance); *In re A2P SMS Antitrust Litigation*, 2014 WL 2445756, at *12 (S.D. N.Y. May
22 29, 2014)(holding that the availability of class arbitration is an issue to be resolved by the
23 arbitrator in the first instance because "the issue raised is not one of enforcement of an
24 arbitration agreement or the power of the arbitrator to hear the dispute, but rather the form
25 of the proceedings to a dispute that is. . . subject to the arbitrator's authority.").

26     Plaintiff is confounded why, with this great weight of authority, Certified Folder has
27 decided to pursue this Petition rather than stipulate to send the case to arbitration. Collective
28

- 4 -

and classwide arbitration is appropriate, and even if the Company contests that point, ultimately that decision is for the arbitrator to decide.

## IV. CERTIFIED FOLDER SHOULD BE SANCTIONED FOR UNREASONABLY EXPANDING THESE PROCEEDINGS.

This Court should sanction Certified Folder for requiring Plaintiff to file this Opposition. As explained above, Plaintiff has consistently and repeatedly indicated that he would be willing to arbitrate this dispute. Yet, Certified Folder refused to respond with a final answer regarding the draft stipulation Plaintiff circulated to that effect until late the day before Plaintiff's Opposition was due to be filed. Furthermore, this issue has been unnecessarily dragged out for months by the Company. This Court asked Certified Folder to file its request for arbitration which would allow briefing to conclude within a month of the scheduling conference in February 2018. Exhibit 1 at p. 14[1]. Yet, Certified Folder waited for months to file its Petition and now refuses to cooperate with Plaintiff to alleviate the need for the parties and Court to expend resources on the issue of arbitration when in the only remaining issue – *i.e.*, scope of arbitration – is a procedural issue properly decided by the arbitrator.

When a party needlessly and unreasonably expands proceedings like this, sanctions are warranted. 28 U.S.C. § 1927; A.R.S § 12-349. Attorneys' fees should be awarded when an attorney knowingly or recklessly allows a frivolous argument to multiply the proceedings. *Id*. Here, Certified Folder has needlessly expanded this litigation by failing to respond to Plaintiff's request that a stipulation be entered into regarding arbitration. As demonstrated in the email exhibits and stipulations filed to date, Plaintiff has repeatedly engaged with Certified Folder's counsel to avoid having to file this brief, all to no avail. Plaintiff should be awarded attorneys' fees for having to file an Opposition that could have

---

[1] The delay by Certified Folder is all the more concerning when taking into account that such delay could even warrant waiver of the Company's request for arbitration at all. *See, e.g., Joca-Roca Real Estate, LLC v. Brennan*, 772 F.3d 945, 949 (1st Cir. 2014)(noting that "[s]ome degree of prejudice ordinarily may be inferred from a protracted delay in the assertion of arbitral rights. . . [.]").

- 5 -

been avoided if Certified Folder had simply stipulated to arbitrate this matter (with the issue of scope being decided by the arbitrator), the request ultimately at the heart of the Company's own Petition.

## V. CONCLUSION.

Based on the foregoing analysis, Plaintiff respectfully requests that the case be submitted for arbitration on a class or collective wide basis, or in the alternative, submitted to arbitration with the arbitrator to decide the procedural scope of this matter. Plaintiff also requests that Certified Folder be sanctioned for requiring Plaintiff to expend the resources responding to a Petition to compel arbitration when Plaintiff had provided a stipulation that should have avoided this briefing altogether.

DATED: June 19, 2018.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

  /s/ Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone:  602-274-1100
Facsimile:  602-798-5860

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Karen Vanderbilt, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on June 19, 2018.

/s/ Karen Vanderbilt