**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph P. Stone, | No. CV-17-04205-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Certified Folder Display Service Incorporated, | |
| Defendant. | |

At issue is Defendant Certified Folder Display Service Incorporated's Motion to Compel Arbitration (Doc. 22, Mot.), to which Plaintiff Joseph P. Stone filed a Response (Doc. 31, Resp.) and Defendant filed a Reply (Doc. 32). The Court issued an Order on Defendant's Motion on February 4, 2019, granting the Motion as to Plaintiff's individual Fair Labor Standards Act ("FLSA") claims and ordering that those claims would proceed to arbitration. (Doc. 34, Feb. 4 Order). But the Court did not reach a decision as to the fate of Plaintiff's collective FLSA claims and ordered both parties to submit supplemental briefing on the following issues: "(1) Should Plaintiff's class action claims proceed to arbitration along with his individual claims; and (2) If Plaintiff's class action claims are not arbitrable, must the Court dismiss them?" (Feb. 4 Order at 7.) Per the February 4 Order, both parties submitted supplemental briefs on those issues. (Doc. 35, Def.'s Supp. Br.; Doc. 36, Pl.'s Supp. Br.)

The Court recounted the factual background of this dispute in the February 4 Order and will not repeat it here. The language at issue in the Employee Manual's Arbitration

Clause ("Arbitration Agreement") that Plaintiff signed as a condition of his employment with Defendant reads:

> [E]mployee and [Defendant] agree to submit to final and binding arbitration any dispute arising from or related to employee's employment with [Defendant], or termination of employee's employment with [Defendant]. Employee and [Defendant] agree that such arbitration shall be the exclusive forum of resolving all disputes arising out of or involving the employee's employment with [Defendant] . . . . EMPLOYEE AND [DEFENDANT] ACKNOWLEDGE AND AGREE THAT BY RESOLVING ANY DISPUTES THROUGH ARBITRATION AS PROVIDED IN THIS AGREEMENT, THE PARTIES ARE WAIVING ANY STATUTORY OR CONSTITUTIONAL RIGHTS EITHER MAY HAVE TO A JURY OR COURT TRIAL[.]

Mot. Ex. 1.

Having agreed that his individual claims must proceed to arbitration, Plaintiff argues that his collective FLSA claims must also be arbitrated. Defendant argues that the Arbitration Agreement does not permit class claims to proceed to arbitration because it limits arbitrable claims to those "arising from or related to employee's employment with [Defendant]," and therefore includes only claims brought by Plaintiff individually. Further, Defendant argues that because Plaintiff's class claims cannot be arbitrated, they must be dismissed. The Court agrees with Defendant on both issues addressed in the supplemental briefing.

As the United States Supreme Court recently reiterated in *Epic Systems Corp. v. Lewis*, "the [Federal] Arbitration Act requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes.'" 138 S. Ct. 1612, 1621 (2018) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)). And where an agreement between two parties "indicat[es] their intention to use individualized rather than class or collective action procedures," that decision is one that "the Arbitration Act seems to protect pretty absolutely." *Id.*

In order to achieve this rigorous interpretation and enforcement of arbitration agreements, the Supreme Court refuses to force collective arbitration on parties when their agreement is silent on that point. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) ("An implicit agreement to authorize class-action arbitration [] is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate."). In fact, in order to permit class-wide arbitration, an agreement must unequivocally account for it and evidence the consent of both parties. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019). "Like silence, ambiguity does not provide a sufficient basis to conclude that parties to an arbitration agreement agreed to 'sacrifice[] the principal advantage of arbitration.'" *Id.* (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. at 348).

The instant Agreement does not contain any language referring directly to collective actions, and even assuming the language is ambiguous, the Court is not free to depend on Plaintiff's interpretation to infer that the parties intended to allow class arbitration.[1] *See Lamps Plus*, 139 S. Ct. at 1416 ("courts may not infer consent to participate in class arbitration absent an affirmative 'contractual basis for concluding that the party *agreed* to do so'") (quoting *Stolt-Nielsen*, 559 U.S. at 684) (emphasis in original). Without any such affirmative indication of consent, the Court finds that the parties did not agree to arbitrate Plaintiff's class claims.

The Court also asked the parties to address what should happen to the class claims in the event they may not proceed to arbitration. Defendant urges—and recent Supreme Court precedent suggests—that class claims which parties have not agreed to arbitrate must be dismissed in the face of a binding arbitration agreement. *See Epic Systems*, 138 S. Ct. at

---

[1] Plaintiff argues that the Court may make such an inference because the Arbitration Agreement here is different than in *Epic Systems*, where employees signed agreements that contained express class waivers. (Def.'s Br. at 2.) But given the Supreme Court's decision in *Lamps Plus*, the Court need not require a specific waiver—or even any explicit language on the matter of class arbitration—in order to conclude that, under the contract interpretation demanded by the Federal Arbitration Act, parties did not consent to class arbitration. In *Lamps Plus*, the plaintiff agreed to arbitration in place of a right to "file a lawsuit . . . relating to my employment with the Company." 701 F.App'x. 670, 672 (9th Cir. 2017). Here, Plaintiff agreed to arbitrate "any dispute arising from or related to [his] employment." (Mot. Ex. 1.) Neither phrase provides unambiguous consent to class arbitration.

- 3 -

1612 (barring plaintiff's claims from arbitration, resulting in dismissal on remand to the district court in *Morris v. Ernst & Young*, 2019 WL 330168 (W.D. Wisc. Jan. 25, 2019)).

Here, Plaintiff does not dispute that he agreed to resolve any and all claims through arbitration rather than traditional litigation. (Pl.'s Br. at 5.) And because the Court has already determined that Plaintiff's class claims may not proceed to arbitration, there seems to be little left to address. However, Plaintiff argues that, rather than dismiss his class claims at this stage, the Court should stay class proceedings "pending discovery regarding whether there are similarly situated opt-in plaintiffs whose claims should be litigated in district court." (Pl.'s Br. at 4.) But while Plaintiff points to some unpublished cases and cases that predate *Epic Systems* (Pl.'s Br. at 4–5), he does not explain how this proposal is permissible under the Supreme Court's recent decisions.

Plaintiff argues that the FLSA claims of the putative class members in this suit "must be 'effectively vindicated,' especially given the complete lack of any bargaining or contractual language regarding class or collective action claims under the Arbitration Agreement." (Pl.'s Br. at 3.) But in *Epic Systems*, the Supreme Court found that nothing in the National Labor Relations Act ("NLRA") operates to save class claims from dismissal in the face of an arbitration agreement. 138 S. Ct. at 1617. Further, the Court noted that "the employees' underlying causes of action arise not under the NLRA but under the [FLSA] . . . [y]et they do not suggest that the FLSA displaces the Arbitration Act, presumably because the Court has held that an identical collective action scheme does not prohibit individualized arbitration proceedings." *Id.* (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991)). Finding no authority that requires the Court to maintain jurisdiction over this action to allow notice for putative class members, the Court must dismiss it according to the rule applied in *Epic Systems*.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Compel Arbitration (Doc. 22). As the Court ordered previously (Doc. 34 at 8), Plaintiff's individual state law claims shall proceed to arbitration. Plaintiff's collective FLSA claims are dismissed with prejudice.

1    **IT IS FURTHER ORDERED** directing the Clerk to enter judgment and close this case.

Dated this 31st day of July, 2019.

_____
Honorable John J. Tuchi
United States District Judge